**COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP**
Richard C. Wootton (SBN 006815)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiffs
BREWER ENVIRONMENTAL
INDUSTRIES, LLC dba BEI LLC,
BEI HOLDINGS, INC., BREWER
ENVIRONMENTAL INDUSTRIES
HOLDINGS, INC., and SEABRIGHT
INSURANCE COMPANY

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BREWER ENVIRONMENTAL INDUSTRIES, LLC dba BEI LLC, BEI HOLDINGS, INC., BREWER ENVIRONMENTAL INDUSTRIES HOLDINGS, INC., and SEABRIGHT INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> MATSON TERMINALS, INC., MATSON NAVIGATION COMPANY, INC., and DOES 1 to 10, <br><br> Defendants. | Case No.: CV 10 00221 LEK <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT** <br><br> **Trial: July 6, 2011** <br><br> **Hearing Date: 3/28/11** <br> **Hearing Time: 10:00 a.m.** <br> **Judge: Hon. Leslie E. Kobayashi** |

COX, WOOTTON,
GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

SEA.Soares/2330

# TABLE OF CONTENTS

I.     SUMMARY OF THIS OPPOSITION.............................................................1

II.    RELEVANT FACTS ................................................................................3

   A.  The Contract....................................................................................3

   B.  The Legal Requirements of the L&H Act.....................................................4

   C.  The Standard Workers' Compensation Policy..............................................6

   D.  Mr. Soares Makes a Claim ..................................................................6

   E.  Mr. Soares' Claim Goes to Hearing in the DOL .........................................7

   F.  Matson's Obligation to Brewer - Paid by Signal to Seabright ..................8

   G.  This Lawsuit ...................................................................................9

III.   LEGAL ARGUMENT ..........................................................................11

   A.  The L&H Insurers Were Intended Beneficiaries .....................................11

   B.  The Indemnity Provision Cannot Be Meaningless ...................................12

   C.  The "Third Parties" Provision Does not Apply to L&H Insurers............13

   D.  Equitable Subrogation..................................................................16

   E.  Equitable Indemnity .....................................................................16

   F.  Section 905(a) of the L&H Act Does Not Bar This Breach of Contract

       Action .......................................................................................17

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

1

IV.   CONCLUSION ..................................................................................19

CERTIFICATE OF COUNSEL – L.R. 7.5(e) ...................................20

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

22

23

24

25

26

27

28

-ii-

SEA.Soares/2330

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*AIG Haw. Ins. Co. v. State Farm Ins. Cos.*, 2008 Haw. App. LEXIS 627

(Haw. Ct. App. 2008) ...................................................................................15

*Beneficial Hawaii, Inc. v. Kida*, 96 Haw. 289, P.3d 895 (Haw. 2001) ..............16

*Brown v. Osorio*, 26 Haw. 118 (Haw. 1921)......................................................16

*Burnett v. A. Bottacchi S.A. de Navegacion*, 882 F. Supp. 1050

(S.D. Fla. 1994) ...........................................................................................18

*Everest Nat'l Ins. Co. v. Valley Flooring Specialties*, 2009 U.S. Dist. LEXIS

36757 (E.D. Cal 2009) ...................................................................................7

*Hydro-Air Equipment, Inc. v. Hyatt Corp.*, 852 F.2d 403 (9th Cir. 1988)..........17

*Inland Oil & Transport Co. v. City of Mount Vernon*, 624 F. Supp. 122

(S.D. Ind. 1985) ...........................................................................................18

*La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.* (1994)

9 Cal.4[th] 27.....................................................................................................7

*Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Haw. 201,

166 P.3d 961 (Haw. 2007).............................................................................16

-iii-

Case No.: CV 10 00221 LEK

*Lord v. Territory*, 27 Haw. 792 (1924)...............................................................13

*Ohana Sanctuary, LLC v. Old Std. Life Ins. Co.*, 2005 Haw. LEXIS 149(2005)13

*Pancakes of Hawaii, Inc. v. Pomare Props. Corp.*, 85 Haw. 300, 944 P.2d 97

   (Haw. Ct. App. 1997) ....................................................................................16

*Pancakes of Hawaii, Inc. v. Pomare Props. Corp.*, 85 Hawaii 300, 944 P.2d 97

   (App. 1997).....................................................................................................11

*Passman v. Rigging Int'l, Inc.*, 1999 U.S. Dist. LEXIS 9046 (E.D. Pa. 1999) ..18

*Reed v. Martin*, 50 Haw. 347 (1968) ...................................................................13

*Remington Typewriter Co. v. Kellogg*, 19 Haw. 636 (1909)...............................12

*Richards v. Ontai*, 19 Haw. 451 (1909).................................................................13

*Sierra Club v. Hawai'i Tourism Authority*, 100 Hawaii 242 (2002) ..................13

*Simon v. Intercontinental Transport (ICT) B.V.*, 882 F.2d 1435 (9th Cir. 1989)17

*State Farm Fire & Casualty, Co. v. Pacific Rent-All, Inc.*, 90 Haw. 315, 928

   P.3d 753 (Haw. 1999).....................................................................................16

## Statutes

28 U.S.C.§1333 .....................................................................................................18

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

33 U.S.C. §901 *et seq.* ...................................................................................2, 5

33 U.S.C. § 904 ........................................................................................6

33 U.S.C. § 932 ........................................................................................6

33 U.S.C. § 937 ........................................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

-v-                                        Case No.: CV 10 00221 LEK

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

Plaintiffs Brewer Environmental Industries LLC dba BEI LLC, BEI Holdings, Inc., Brewer Environmental Industries Holdings, Inc. (collectively "Brewer") and Seabright Insurance Company ("Seabright") submit this opposition to the alternative motions for judgment on the pleadings/summary judgment, submitted by defendants Matson Terminals, Inc. and Matson Navigation Company, Inc. (jointly "Matson").

## I.    SUMMARY OF THIS OPPOSITION

Matson has its figurative tongue lodged in its cheek when it characterizes this suit as an insurer (Seabright), trying to avoid its contractual obligations to its insured (Brewer).  Seabright has completely fulfilled its contractual obligations to Brewer.  Matson's motion is, in fact, an attempt by Matson to avoid its contractual duty to pay attorneys fees and costs for which it is responsible – attorneys fees and costs incurred by Brewer and paid by Seabright, for which Matson has a clear contractual duty to provide indemnity.

Brewer sold a stevedoring business to Matson, including the transfer of the longshoreman employees of the business, with an effective sale date of January 31, 2005.  The "Asset Purchase Agreement" governing the sale ("the Contract") included an indemnity provision by which Brewer would indemnify Matson against claims by those longshoremen employees arising before January 31, 2005, and Matson would indemnify Brewer against such claims arising after January 31, 2005.  This cross-indemnity provision included indemnification for attorneys' fees and costs incurred in connection with any such longshoreman claims.  As discussed below, as a matter of federal law, (The Longshore and Harborworkers' Compensation Act – 33 U.S.C. §901 *et seq.* – hereinafter "the L&H Act") both Brewer and Matson were required to obtain workers compensation insurance covering injury claims by the longshoremen/employees.  Thus, ***any indemnity dollars that either Brewer or***

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

Case No.: CV 10 00221 LEK

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

1    *Matson might seek from, or pay to, the other under the indemnity provision*

2    *in connection with an employee claim would, by law, necessarily be borne in*

3    *the first instance by their respective L&H Act insurers*.

4        In May of 2005, longshoreman Kyle Soares, claimed that he was unable

5    to work because of physical injuries.  Matson, for whom he was working after

6    January 31, 2005, took the position that it was not responsible for Mr. Soares'

7    L&H Act workers' compensation benefits.  Instead, it claimed that his injury

8    originated before January 31, 2005 – while he was still employed by Brewer.

9    Brewer disagreed, but provided Mr. Soares with benefits through its insurer

10   Seabright – the insurer that Brewer had in place in compliance with the legal

11   requirements of the L&H Act.  At the same time, it contested its responsibility

12   to pay those benefits.  Brewer, Matson (and their respective L&H Act insurers)

13   and Mr. Soares then went to a hearing before an Administrative Law Judge

14   ("ALJ") for the U.S. Department of Labor ("DOL"), for a determination of

15   Brewer's and Matson's respective obligations to Mr. Soares.

16       The ALJ ruled that Matson was responsible for Mr. Soares' benefits

17   after January 31, 2005.  In other words, pursuant to federal law, Matson's

18   L&H Act insurer (Signal Mutual Indemnity Association – "Signal") should

19   have paid those benefits, not Brewer's L&H Act insurer (Seabright).  The ALJ

20   therefore specifically ordered reimbursement to Brewer of the post-January 31,

21   2005 benefits (that Seabright had paid).

22       Thereafter, pursuant to the ALJ's order, Signal sent Seabright two

23   reimbursement checks for the post-January 31, 2005 benefits that Seabright

24   provided to Mr. Soares.  Though the ALJ's order directed Matson to make that

25   payment to Brewer, in fact, Signal paid Seabright. Signal paid Seabright for

26   the simple, obvious reason that all parties understood that under the legal

27   requirements of the L&H Act, compensation benefits owed and litigation costs

28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

-2-

Case No.: CV 10 00221 LEK

incurred by the employer are paid by the insurer, not by the insured employer (unless the employer has violated the L&H Act and has not obtained insurance).

Matson now hopes to have the Contract's indemnity provision held to be meaningless, arguing that since Brewer did not pay the attorneys fees and costs out-of-pocket in the DOL action, and Seabright is not named in the indemnity provision in the Contract, ***no one has the ability to make Matson comply with its contractual indemnity obligation***.  Matson's argument ignores that under the L&H Act, both Brewer and Matson were legally required to insure their respective indemnity obligations.  Matson knows full well that neither it nor Brewer would ever pay attorneys' fees and costs out-of-pocket, for which they might then seek indemnity from the other.  The reality under the L&H Act is that Matson's and Brewer's respective insurers would be the entities necessarily required to pay such fees and costs on their behalf – as occurred here.

It is self-evident that the insurers were intended third-party beneficiaries of the Contract and/or are subrogated to the rights of Brewer and Matson. Matson's claim that neither Brewer nor Seabright have standing to enforce the indemnity provision is legal gamesmanship.

## II.    RELEVANT FACTS

### A.    The Contract

Brewer and Matson signed an "Asset Purchase Agreement" ("the Contract") with an effective date of January 31, 2005, whereby Brewer sold a stevedoring business, that Matson named "Big Island Stevedoring, Inc." ("BIS") to Matson.  Article V of the Contract, entitled "Property Employees," was devoted exclusively to provisions pertaining to the longshoremen/employees of the business who would move from Brewer's

COX, WOOTTON,
GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

employment to Matson's employment on that date.  Article V, Section 5.3,

entitled "Indemnity," provides that:

> Seller (Brewer) shall indemnify, defend and hold harmless Purchaser (Matson/BIS) from and against any and all loss, damage, penalty, claim, cost and expense and any other liability whatsoever (including without limitation, reasonably (sic) attorneys' fees, charges and costs) incurred by (Matson/BIS) by reason of any claim, demand or litigation relating to the Property Employees which arise from any act, omission, occurrence or matters that take (sic) place before (January 31, 2005).  (Matson/BIS) shall indemnify, defend and hold harmless (Brewer) from and against any and all loss, damage, penalty, claim, cost and expense and any other liability whatsoever (including without limitation, reasonable attorneys' fees, charges and costs) incurred by (Brewer) by reason of any claim, demand or litigation relating to the Property Employees which arise from any act, omission, occurrence or matters that take place after (January 31, 2005).

Contract, at page 12, Ex. A to Declaration of Richard C. Wootton.

In sum, if an employee made a claim against Brewer and/or Matson, one party would indemnify the other for any expenditures made in connection with the claim, including attorneys' fees and costs incurred, depending upon whether the employee's claim arose before or after January 31, 2005.

Appended to the Contract was a list of "Property Employees" to which the indemnity provision referred; workers, employed by the stevedoring operation, who would move over to Matson's employ as of January 31, 2005, along with the physical assets of the stevedoring operation.  Specifically named in the appended list of "Property Employees" was Kyle Soares.

Contract, at Schedule 1.27, Ex. A to Declaration of Richard C. Wootton.

## B.   The Legal Requirements of the L&H Act

Mr. Soares and with his fellow "Property Employees" were longshoremen, coming within the protection of the federal Longshore and

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

1   Harborworkers Compensation Act. 33 U.S.C. §901 *et seq.*  The L&H Act

2   requires stevedore/employers such as Brewer and Matson/BIS to obtain

3   workers' compensation insurance for the benefit of longshoremen such as Mr.

4   Soares:

5

6   §904. Liability for Compensation – (a) Every employer shall be liable
    for and shall secure the payment to his employees of the compensation
    payable under (the next several sections of the L&H Act – i.e. medical
7   benefits, compensation payments, etc.).

8

9   §932. Security for Compensation – (a) Every employer shall secure the
    payment of compensation under the Act – (1) by insuring and keeping
10  insured the payment of such compensation with any stock company, or
    mutual company or association, or with any other person or fund, while
11  such person or fund is authorized (A) under the laws of the United
    States or of any State, to insure workmen's compensation, and (B) by
12  the Secretary (of Labor), to insure the payment of compensation under
    this Act (or by obtaining approval from the Secretary of Labor to self-
13  insure).

14

15  §937. Certificate of compliance with this Act – No stevedoring firm
    shall be employed in any compensation district by a vessel or by hull
16  owners until it presents to such vessel or hull owners a certificate issued
    by a deputy commissioner that it has complied with the provisions of
17  this Act requiring the securing of compensation to its employees.

18

19  Matson/BIS indeed obtained workers' compensation insurance from

20  Signal, in compliance with these requirements of the L&H Act, covering BIS's

21  operations after January 31, 2005.  Brewer's L&H Act workers' compensation

22  insurer, covering BIS's operations before January 31, 2005, was Seabright.

23  See Seabright Policy, Ex. D to Declaration of Steven Wiper; Signal

24  Reimbursement Checks and related correspondence, Ex. E to Declaration of

25  Steven Wiper.

26

27

28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

Case No.: CV 10 00221 LEK

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

## C.     The Standard Workers' Compensation Policy

Seabright issued to Brewer a "Workers Compensation and Employers Liability Insurance Policy," in the standard form, authored in 1991 by the National Council on Compensation Insurance.  The form insurance policy includes the standard "duty to defend" provision, stating that the workers' compensation insurer has "the right and duty to defend at our expense any claim, proceeding or suit against (the employer) for benefits payable by this insurance." [1] See Seabright Policy at Page 1, Ex. D to Declaration of Steven Wiper.

Thus, if a "Property Employee" like Mr. Soares made a compensation claim against either Brewer or Matson, requiring either one of them to incur attorneys fees and costs contesting responsibility for compensation to the employee (i.e. contesting whether responsibility for the injury/illness fell before or after January 31, 2005), *such attorneys fees and costs would necessarily be paid by Brewer's or Matson's respective insurers, not by Brewer or Matson themselves – pursuant to the  insurance policies that both Brewer and Matson were required by law to obtain.*

Contract, at page 12, Ex. A to Declaration of Richard C. Wootton.

## D.     Mr. Soares Makes a Claim

After ownership of the stevedoring operation changed over from Brewer to Matson on January 31, 2005, Mr. Soares became a BIS employee.   As

---

[1] This is the standard "duty to defend" provision, contained in workers' compensation policies.  See *Everest Nat'l Ins. Co. v. Valley Flooring Specialties*, 2009 U.S. Dist. LEXIS 36757, *3-*7 (E.D. Ca. 2009); *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 32, fn.1. Brewer/Seabright invite Matson to contest that its own workers' compensation policy, issued to Matson by Signal, did not contain this exact provision, word for word.

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

Case No.: CV 10 00221 LEK

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

1    noted above, Mr. Soares was specifically included in the list of "Property

2    Employees" who were contemplated in the Contract to be transferred over to

3    Matson's employ.  See DOL "Decision and Order" at page 7, Ex. B to

4    Declaration of Richard C. Wootton.

5        Mr. Soares stopped working for BIS in late May 2005, complaining of a

6    low back problem.  While working for Brewer before the sale, he had suffered

7    from a low back problem, had missed work and had incurred medical

8    expenses.  Brewer, through Seabright, had paid Mr. Soares' L&H Act benefits

9    arising out his back problem, prior to May of 2005.  After an aggravation of

10   his back problem caused him to leave BIS in May 2005, Mr. Soares again

11   claimed the right to L&H benefits from Brewer.  Brewer began providing

12   benefits (through Seabright).  However, Seabright also contested responsibility

13   for those benefits, pursuant to the L&H Act's "last responsible employer rule."

14   Seabright therefore contended that Matson was responsible for providing those

15   benefits, because Mr. Soares back problems were aggravated while working

16   for BIS, after the date of the sale.  See DOL "Decision and Order" at pages 4-

17   9, Ex. B to Declaration of Richard C. Wootton

18       Matson (and Signal) refused to provide benefits to Mr. Soares, taking

19   the position that his back problems were a pre-January 31, 2005 condition, for

20   which Brewer/Seabright were responsible.  Therefore, when in June of 2006,

21   Brewer and Seabright made a written tender of their defense against Mr.

22   Soares' claim to Matson and Signal, Matson and Signal rejected the tender of

23   defense.  See Tender Letter, Ex. C to Declaration of Richard C. Wootton.

**E.    Mr. Soares' Claim Goes to Hearing in the DOL**

24       On November 29, 2007, a formal hearing took place before

25   Administrative Law Judge Gerald Etchingham in the U.S. Department of

26   Labor, Office of Administrative Law Judges.  The "Claimant" was Mr. Soares.

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

-7-                              Case No.: CV 10 00221 LEK

The responding parties were Brewer, Seabright, BIS (owned by Matson) and Signal.  Judge Etchingham framed the issue for decision as follows:

> The sole unresolved issue in this matter is whether Brewer or BIS (owned by Matson) is the last responsible employer liable for compensation and medical benefits for claimant's low back condition (i.e. Mr. Soares' post-January 31, 2005 L&H Act benefits).

DOL "Decision and Order" at page 2, Ex. B to Declaration of Richard C. Wootton.

Following the hearing, Judge Etchingham rendered his decision that BIS (owned by Matson) was responsible for Mr. Soares' L&H Act compensation benefits from the date he left work (May 21, 2005) onward.  The Judge therefore ordered, among other things, that:

> **BIS** (owned by Matson) **shall <u>reimburse Brewer</u> for any compensation and medical expenses paid to Claimant** for the time period after (Mr. Soares) began working for BIS in 2005 …

DOL "Decision and Order" at page 28, Ex. B to Declaration of Richard C. Wootton (emphasis added).

Judge Etchingham made no finding with regard to Brewer/Seabright's tender of defense, right to contractual indemnity or entitlement to attorneys' fees or costs. The only issue ruled upon by the ALJ was who was responsible for Mr. Soares' benefits after January 31, 2005 – not whether Matson was in breach of its Contract with Brewer.

## F.    <u>Matson's Obligation to Brewer - Paid by Signal to Seabright</u>

Based on Matson's present motion, what happened next is inexplicable. Brewer, of course, had not paid ***any*** compensation or medical expenses to Mr. Soares – only Seabright had.  Therefore, there was ***nothing*** for BIS (owned by Matson) to "reimburse Brewer," as Judge Etchingham's order specifically

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

-8-

SEA.Soares/2330

directed.  Nevertheless, ***Signal reimbursed Seabright*** for the compensation and medical expenses that Seabright had paid to Mr. Soares "for the time period after (Mr. Soares) began working for BIS in 2005."  Signal Reimbursement Checks and related correspondence, Ex. E to Declaration of Steven Wiper.

There is no actual mystery why Signal paid Seabright.  Everyone understood, and the L&H Act required, that Seabright was the entity that had paid the compensation and medical benefits to Mr. Soares.  Thus, Judge Etchingham's finding that shifted responsibility for payment of those benefits to Matson, required Matson's insurer to reimburse Brewer's insurer, even though Judge Etchingham's order specifically directed Matson (BIS) to reimburse Brewer.

The standard "duty to defend" provision in the legally-required workers' compensation policies that dictated that Signal would reimburse Seabright when Judge Etchingham directed BIS to reimburse Brewer, also dictated that Seabright had paid the attorneys' fees and costs that had been incurred by Brewer in the DOL action.[2]

### G.    This Lawsuit

Since Matson was held in the DOL action to be responsible for payment of Mr. Soares' compensation benefits after January 31, 2005, the indemnity provision in the Contract clearly makes Matson responsible to indemnify

---

[2] Brewer/Seabright invite Matson to deny that its attorneys fees and costs in the DOL action were paid by its workers' compensation insurer – Signal – pursuant to the same standard "duty to defend" provision in Matson's workers' compensation policy.  Had Matson prevailed in the DOL action, the shoe would now be on the other foot and Matson/Signal would have to pursue Brewer for reimbursement of the fees and costs that Signal expended on behalf of Matson.

COX, WOOTTON,
GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

-9-  Case No.: CV 10 00221 LEK

Brewer for the attorneys' fees it was forced to incur litigating that issue with Mr. Soares.  Under the provisions of the L&H Act, and the insurance policy that Brewer was required to obtain in compliance with the L&H Act, such attorneys fees and costs were necessarily paid by Brewer's insurer (Seabright).  Matson refuses to reimburse those attorneys fees and costs and Brewer and Seabright have, therefore, filed this suit for breach of contract against Matson.

With this motion, Matson asks the Court to ignore federal workers' compensation law and reality.  Assuming that Matson does not contend that Matson and Brewer intended to violate federal law, Matson will have to concede that Brewer and Matson contemplated that their respective legally-mandated L&H Act insurers would, in the first instance, pay the attorneys fees and costs that either of them would incur defending against a workers' compensation claim.  Thus their respective insurers would, in the first instance, pay the attorneys' fees and costs that either might seek to recover from the other pursuant to the indemnity provision in the "Property Employees" section of the Contract.

But under Matson's argument: (1) the insurers that would, in every instance, pay attorneys' fees and costs and then seek indemnity pursuant to the indemnity provision, have no standing to enforce the provision and; (2) Matson and Brewer would never have standing either, since their insurers would be making the payments.  By this "logic," therefore, there is no entity who would ever be in a position to enforce the indemnity provision.

In sum, Matson's carefully crafted motion answers the legal riddle "when is an indemnity provision not an indemnity provision?"

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

## III.   LEGAL ARGUMENT

### A.   The L&H Insurers Were Intended Beneficiaries

Matson and Brewer obviously anticipated that both parties would comply with federal law and both would have workers compensation insurance that would pay their attorneys fees and costs defending against employee claims.  The attorneys' fees and costs referred to in the indemnity provision of the Contract, therefore, are attorneys' fees and costs that would be borne by Matson's and Brewer's respective insurers, not paid out-of-pocket by Matson or Brewer.  Matson's motion simply ignores the subject matter of the Contract and the circumstances surrounding its execution.

Generally, "third parties do not have enforceable contract rights. The exception to the general rule involves intended third-party beneficiaries." *Pancakes of Hawaii, Inc. v. Pomare Props. Corp.*, 85 Hawaii 300, 309, 944 P.2d 97, 106 (App. 1997).  "The rights of the third party beneficiary must be limited to the terms of the promise," and this promise "may be express *or it may be implied from the circumstances*."   *Remington Typewriter Co. v. Kellogg*, 19 Haw. 636, 640 (1909) (emphasis added, internal quotation marks and citation omitted).

"The circumstances" here were a Contract for the sale of a stevedoring operation, with the sale including the transfer from Brewer to Matson of specifically named "Property Employees," who were longshoremen.  The employer of these "Property Employees" (whether Brewer or Matson) was required by law to obtain workers' compensation insurance covering the "Property Employees."  The indemnity provision, contained in the Section of the Contract specifically entitled "Property Employees," contemplates that those "Property Employees" might make a claim against their employer (which was Brewer prior to January 31, 2005 and Matson after January 31,

-11-

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

2005), resulting in the expenditure of, and entitlement to indemnity for, among other things:

> reasonable attorney's fees, charges and costs incurred …by reason of any claim, demand or litigation relating to the Property Employees which arise from any act, omission, occurrence or matters that take place (before/after January 31, 2005).

Contract at page 12, Ex. A to Declaration of Richard C. Wootton.

Mr. Soares' claim triggered the precise situation contemplated by the "Property Employees" indemnity provision.  When Brewer and Matson contested responsibility for Mr. Soares' L&H Act benefits, that contest was resolved in precisely the manner contemplated by the indemnity provision, with their respective liabilities for Mr. Soares' benefits and their respective attorneys fees and costs being paid by the insurers that they were both compelled by law to have in place.

Neither Brewer nor Matson had any intention of violating federal workers compensation law, nor of paying out-of-pocket workers' compensation benefits, or the attorneys' fees and costs incurred contesting a workers' compensation claim.  Their respective workers' compensation insurers would make all such payments, as a matter of legal compliance, and were clearly intended third-party beneficiaries of the indemnity provision.

## B.    The Indemnity Provision Cannot Be Meaningless

Matson's argument, if accepted, would mean that no entity could ever enforce the indemnity provision. Assuming that Matson and Brewer complied with federal law and obtained workers' compensation insurance, neither would ever pay out-of-pocket either the workers' compensation benefits or the attorneys fees and costs that would be the subject of the indemnity provision.

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

-12-

Case No.: CV 10 00221 LEK

1    But the entities that would, by law, pay those dollars (their legally-required

2    insurers) have no standing to enforce the indemnity provision, according to

3    Matson.

4         The logical conclusion of Matson's argument, that no entity could ever

5    enforce the "Property Employees" indemnity provision, flies in the face of

6    basic contract construction. "Hawai'i case law has long dictated against

7    interpreting a contract such that any provision be rendered meaningless."

8    *Ohana Sanctuary, LLC v. Old Std. Life Ins. Co.*, 2005 Haw. LEXIS 149, *18

9    (2005)(citing *Sierra Club v. Hawai'i Tourism Authority*, 100 Hawai'i 242,

10   267, (2002); *Reed v. Martin*, 50 Haw. 347, 349, (1968); *Lord v. Territory*, 27

11   Haw. 792, 799 (1924); *Richards v. Ontai*, 19 Haw. 451, 453-54 (1909))

12        Matson and Brewer included an indemnity provision in the "Property

13   Employees" section of the Contract, providing that each would indemnify the

14   other for employee workers' compensation benefits paid, and attorneys' fees

15   and costs incurred.  They obviously knew that, by compulsion of law, their

16   respective insurers would actually pay those items. Matson's attempt to render

17   the indemnity provision meaningless is contrary to law and logic.

18
19        **C.    The "Third Parties" Provision Does not Apply to L&H
          Insurers**

20        Matson contends that Section 12.8 of the Contract, entitled "Third

21   Parties," precludes Seabright's (and, by extension, Signal's) status as a third-

22   party beneficiary of the "Property Employees" indemnity provision.  That

23   Section of the Contract provides that:

24        Nothing in this Agreement, express or implied, is intended to confer
25        upon any person, other than the Parties and their respective heirs,
          executors, personal representatives, successors and assigns, any right or
26        remedies under or by reason of this Agreement.  Nor is anything in this
          Agreement intended to relieve or discharge the obligation or liability of
27        any third person to any Party, nor shall any provision herein be

28                                        -13-                    Case No.: CV 10 00221 LEK

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

construed so as to give any third person any right of subrogation or action over against any Party.

Contract at Page 19, Ex. A to Declaration of Richard C. Wootton.

As with Matson's claim that the respective insurers were not intended third-party beneficiaries of the indemnity provision, Matson's reading of Section 12.8: (1) ignores the circumstances surrounding the creation of the indemnity provision (that it concerned claims from "Property Employees," for whom both Brewer and Matson were required by federal law to obtain workers' compensation insurance) and; (2) would render the indemnity provision meaningless.

Additionally, it is not necessary to read Section 12.8 in the manner urged by Matson.  Seabright certainly is an "assign" of Brewer with regard to the "Property Employees" indemnity provision.  The standard workers' compensation policy that Brewer obtained from Seabright includes a provision by which Brewer contractually assigned its rights to Seabright to recover from third-parties any payments that Seabright made under the policy.  Seabright Policy at page "2 of 6" (section entitled "G. Recovery From Others"), Ex. E to Declaration of Steven Wiper.[3]

Contractual rights are freely assignable under Hawaii law:

In general, an assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment. Furthermore, where an assignment is challenged, the ***presumption is in favor of assignment***. Contract rights are assignable at common law.

The Restatement (Second) of Contracts § 317 (1981) provides that (1) an assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the

---

[3] Again Brewer challenges Matson to contest that its workers' compensation policy, issued by Signal, does not contain the same word-for-word assignment of rights from Matson to Signal.

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

-14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

obligor is extinguished in whole or in part and the assignee acquires a right to such performance. (2) A contractual right can be assigned unless (a) the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract, or materially impair his chance of obtaining return performance, or materially reduce its value to him, or (b) the assignment is forbidden by statute or is otherwise inoperative on grounds of public policy, or (c) assignment is validly precluded by contract.

*AIG Haw. Ins. Co. v. State Farm Ins. Cos.*, 2008 Haw. App. LEXIS 627, 8-9 (Haw. Ct. App. 2008)(emphasis added).

Seabright's exercise of Brewer's right to indemnity in no way changes the duty of Matson, or increases the "burden or risk imposed" on Matson under the Contract.  Additionally, there is nothing in the Contract precluding this assignment.  Section 11.1 of the Contract, cited by Matson, prohibits either Brewer or Matson from assigning "***all*** of its rights, title and interest in (the Contract)."  Contract at page 18, Ex. A to Declaration of Richard C. Wootton.  Brewer's and Matson's assignment to their respective insurers of their limited cross-indemnity rights, arising from claims of "Property Employees," is in no way an assignment of "all rights title and interest" in the Contract and, therefore, is not prohibited by Section 11.1.  Furthermore, the courts frown upon, and give narrow interpretation to any contractual provision restricting the right of assignment.  See *Brown v. Osorio*, 26 Haw. 118, 119 (Haw. 1921).

Matson has cited two cases wherein contractual provisions denying contractual rights to third-parties have been held to preclude third-party beneficiary status.  *Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Haw. 201, 215, 166 P.3d 961,975 fn.15 (Haw. 2007); *Pancakes of Hawaii, Inc. v. Pomare Props. Corp*., 85 Haw. 300, 308-09 944 P.2d 97, 105-06 (Haw. Ct. App. 1997).  The holdings in those cases were fact-specific, and

-15-

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

neither case involved stevedoring companies and their respective workers'
compensation insurers, a contract for the sale of a stevedoring operation, the
transfer of longshore workers, or a contractual cross-indemnity obligation for
injuries to those longshore workers.  The facts and circumstances regarding the
intention of the contracting parties in the cases cited by Matson have nothing
to do with this case.

### D.    **Equitable Subrogation**

Even if the standard workers' compensation policy issued to both
Brewer and Matson did not contain the explicit assignment of recovery rights,
it is well-established that this assignment in favor of an insurer effectively
occurs, without reference to any provision in the Contract, through equitable
subrogation.  See *State Farm Fire & Casualty, Co. v. Pacific Rent-All, Inc.*, 90
Haw. 315, 328, 928 P.3d 753, 766 (Haw. 1999);  *Beneficial Hawaii, Inc. v.
Kida*, 96 Haw. 289, 313, 30 P.3d 895, 919 (Haw. 2001).  Having paid the
benefits to Mr. Soares, and having paid the attorneys fees and costs required to
contest Mr. Soares' claim, Seabright is equitably subrogated to Brewer's right
of recovery, and "steps into the shoes" of Brewer, including Brewer's
contractual rights against Manson.   See Plaintiffs' Complaint at paragraph 13.

Matson's alternative motions completely ignore this well-established
rule, and that Brewer/Seabright specifically pled Seabright's right of
subrogation in the Complaint.

### E.    **Equitable Indemnity**

Without reference to the Contract, Seabright additionally has a right of
equitable indemnity directly against Matson, which was also pled in the
Complaint.  Plaintiff's Complaint at page 7.  See *Hydro-Air Equipment, Inc. v.
Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir. 1988).  Matson's motion completely

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

SEA.Soares/2330

ignores this alternative basis of recovery.

## F.   Section 905(a) of the L&H Act Does Not Bar This Breach of Contract Action

Unable to contest the District Court's admiralty jurisdiction over this breach of contract suit,[4] Matson argues that Section 905(a) of the L&H Act gives Matson immunity from paying the breach of contract damages sought by Brewer/Seabright.  Section 905(a) provides that the employer's liability for damages "on account of" a longshoremen/employee's injury is limited to providing benefits under the L&H Act. Contrary to Matson's contention, this exclusive remedy provision of the L&H Act does not erase a stevedore's contractual obligations to third-parties such as Brewer/Seabright.

> Under the LHWCA, employers are liable to their employees for workers' compensation, and such liability is 'exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages from such employer at law or in admiralty *on account of* such injury or death.' … Courts interpreting the 'on account of' language in § 905(a) have found a congressional intent to abrogate *all tort liability on the part of the employer to the employee, or to a third party*, arising out of the employee's injury. … Where an action is based on the breach of a separate and independent duty owed by the employer to a third party, however, § 905(a) may be overcome.

*Burnett v. A. Bottacchi S.A. de Navegacion*, 882 F. Supp. 1050, 1053 (S.D. Fla. 1994)(emphasis added).  See also *Inland Oil & Transport Co. v. City of Mount Vernon*, 624 F. Supp. 122, 125 (S.D. Ind. 1985).

Section 905 does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the

_____

[4] See *Simon v. Intercontinental Transport (ICT) B.V.*, 882 F.2d 1435, 1443 (9th Cir. 1989)(contract for the provision of stevedoring services is a maritime contract).

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA 94105

TEL: 415-438-4600

FAX: 415-438-4601

Case No.: CV 10 00221 LEK

1    breach of an independent duty, such as one for contractual indemnification.

2    *Passman v. Rigging Int'l, Inc.*, 1999 U.S. Dist. LEXIS 9046, *9 (E.D.

3    Pa. 1999)

4        Section 905(a) limits a stevedore employers' exposure for tort damages

5    "on account of" an employee's injury or death.  Section 905(a) is not a license

6    for a stevedore to breach its contractual obligations to third-parties.

7    Brewer/Seabright seek to enforce a contractual obligation and Section 905(a)

8    has nothing to do with this suit.

9        Finally, without citing any case law or statute, Matson vaguely argues

10   that either the DOL had exclusive jurisdiction over this breach of contract

11   claim, or that Brewer/Seabright somehow waived the breach of contract claim

12   by not appealing Judge Etchingham's decision; a decision that says nothing

13   about Brewer's/Seabright's contractual right to attorneys fees and costs.

14   Nowhere in the L&H Act is there any mention of breach of contract claims

15   between two stevedore-employers, much less that the DOL has ***any***

16   jurisdiction,  much less ***exclusive*** jurisdiction, over such claims.  Matson's

17   suggestion that a stevedore suing another stevedore for breach of contract must

18   bring that claim in the Department of Labor is absurd.  This breach of contract

19   claim is properly before this Court, pursuant its original jurisdiction over

20   admiralty and maritime matters.  28 U.S.C.§1333.

21   ///

22
23
24
25
26
27
28

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

SEA.Soares/2330

-18-                                Case No.: CV 10 00221 LEK

PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS/SUMMARY JUDGMENT

## IV.    CONCLUSION

An indemnity provision is intended to provide indemnity.  Though that would seem to be an obvious statement, Matson's motion seeks to prove the statement wrong.  According to Matson, Brewer and Matson agreed to an indemnity provision that no one can enforce.

Brewer/Seabright respectfully urge the Court to reject Matson's attempt to substitute a crafty legal construct in place of reality.

Dated: March 4, 2011                    COX, WOOTTON, GRIFFIN,

HANSEN & POULOS, LLP

Attorneys for Plaintiffs

BREWER ENVIRONMENTAL INDUSTRIES, LLC dba BEI LLC, BEI HOLDINGS, INC., BREWER ENVIRONMENTAL INDUSTRIES HOLDINGS, INC. and SEABRIGHT INSURANCE COMPANY

By: _____/S/_____

Richard C. Wootton

COX, WOOTTON,

GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

-19-                                    Case No.: CV 10 00221 LEK

1

## CERTIFICATE OF COUNSEL – L.R. 7.5(e)

2

I, Richard C. Wootton, do hereby certify, pursuant to Local Rule 7.5(e)

3

that this brief consists of 5356 words, as computed by the Microsoft Word

4

software used to create this brief.

5

6

7
_____
/S/

Richard C. Wootton

8

9

10

11

12

13

14

15

16

17

18

19

20

21

COX, WOOTTON,

GRIFFIN, HANSEN &
POULOS, LLP

190 THE EMBARCADERO

SAN FRANCISCO,

CA  94105

TEL: 415-438-4600

FAX: 415-438-4601

22

23

24

25

26

27

28

-20-

Case No.: CV 10 00221 LEK